UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EVANS TUTT,<br><br>                        Petitioner,<br>     v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                        Respondents. | Case No. 3:20-cv-00722-MMD-CLB<br><br>ORDER |

Petitioner Evans Tutt, a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a *pro se* petition for writ of habeas corpus. (ECF No. 1-1.) This habeas matter is before the Court on Tutt's Application to Proceed *in forma pauperis*. (ECF No. 1.)

Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The court may authorize a person to begin an action without prepaying fees and costs if the person demonstrates poverty through an IFP application. A prisoner's IFP application must be submitted on the court's form and include specific financial information: (1) a copy of the prisoner's account statement for the six-month period prior to filing, (2) a financial certificate signed by the prisoner *and* an authorized prison official, and (3) the prisoner's financial acknowledgement confirming under the penalty of perjury that the financial information is true. 28 U.S.C. § 1915; LSR 1-1, LSR 1-2.

Here, Petitioner has requested IFP status to waive his filing fee. However, he did not submit a financial certificate signed by an authorized officer at the NDOC or a certified copy of his inmate trust account statement for the six-month period preceding this habeas action. Although he may qualify for IFP status, the Court is unable to make such determination without all of the correct documents. Because the financial information and

documentation required by § 1915(a) and the Local Rules is lacking, Petitioner's IFP application is therefore denied without prejudice. He will have 45 days from the date of this order to either pay the $5.00 filing fee or submit a complete IFP application with all required attachments.

In addition, the Petition is subject to multiple substantial defects requiring amendment. First, Petitioner did not file a petition on the appropriate form or in substantial compliance with the form. He filed a document titled "Federal Writ of Habeas Corpus" but it does not contain any allegations or relevant information. (ECF No. 1-1.) The form petition is important as it provides the Court with necessary information to conduct a preliminary review. Second, Petitioner named the State of Nevada as the Respondent. That is incorrect. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts[1] states that, when a petitioner is "in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."[2] Failure to name the proper respondent strips the district court of personal jurisdiction. *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). For these reasons, Petitioner must file an amended petition on the Court's form within 45 days of the date of this order.[3] In doing so, Tutt is advised to follow the instructions on the form and to refrain from lengthy legal or factual argument.

It is therefore ordered that Petitioner Evans Tutt's Application to Proceed *in forma pauperis* (ECF No. 4) is denied without prejudice.

The Clerk of Court is directed to send Tutt *two* blank copies of (1) the IFP application for incarcerated individuals, and (2) the form petition for a writ of habeas

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2]This is typically the warden of the prison or detention facility. However, the Court expresses no opinion as to the proper respondent in this context. *Cf.* Habeas Rule 2(b), Advisory Committee Note to 1976 Adoption.

[3]Petitioner at all times remains responsible for calculating the applicable statute of limitations. By ordering Petitioner to amend his petition, the Court makes no finding or representation that either the original or amended petition will be considered timely.

1. corpus pursuant to 28 U.S.C. § 2254.

2. It is further ordered that Petitioner must file a complete IFP application by March 1, 2021, which must include: (i) a financial certificate signed by Petitioner *and* an authorized prison official, (ii) Petitioner's financial affidavit and acknowledgement, and (iii) a statement of Petitioner's inmate trust account for the six-month period prior to filing. Alternatively, Petitioner must pay the $5 filing fee by March 1, 2021.

3. It is further ordered that Petitioner must file an amended petition on the Court's form by March 1, 2021. The amended petition must attach all written state court findings pertaining to the claims Petitioner asserts in this action.

4. The initial screening of Petitioner's petition under the Rules Governing Section 2254 Cases in the United States District Courts and consideration of the Motion to Stay Habeas Petition (ECF No. 1-2) and Motion for Appointment of Counsel (ECF No. 1-3) are deferred to until such time as he has fully complied with this order.

5. Petitioner's failure to comply with this Order by the March 1, 2021 deadline will result in the dismissal of the petition without prejudice and without further advance notice.

DATED THIS 14th Day of January 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE