UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EVANS TUTT, | Case No. 3:20-cv-00722-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court for initial review of Petitioner Evans Tutt's *pro se* petition for writ of habeas corpus (ECF No. 7 ("Petition")) under 28 U.S.C. § 2254 pursuant to the rules governing § 2254 cases,[1] as well as consideration of Petitioner's motion to stay (ECF No. 1-2) and motion for appointment of counsel (ECF Nos. 1-3, 8).

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Here, Petitioner challenges a conviction and sentenced imposed by the Eighth Judicial District Court for Clark County ("state court"). *See State of Nevada v. Tutt*, Case No. C-14-299030-1.[2] A jury found Petitioner guilty of first degree kidnapping with use of

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the rules governing § 2254 cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: www.clarkcountycourts.us and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

a deadly weapon resulting in substantial bodily harm, battery with use of a deadly weapon resulting in substantial bodily harm constituting domestic violence, coercion (without force), and child abuse, neglect, or endangerment. The state district court entered a judgment of conviction on October 15, 2015 and sentenced Petitioner to life without the possibility of parole plus a consecutive term of 72 to 180 months for the use of a deadly weapon, a consecutive term of 72 to 180 months, and a consecutive term of 28 to 72 months. The Nevada Court of Appeals affirmed Petitioner's judgment of conviction.

On August 4, 2017, Petitioner filed a state habeas petition for writ of *habeas corpus* ("state petition") seeking post-conviction relief. The state district court denied the state petition and the Nevada Court of Appeals reversed and remanded for the appointment of counsel to assist Petitioner. The state district court again denied his state petition and the Nevada Supreme Court affirmed. A remittitur issued on October 19, 2020. Petitioner initiated this case on December 30, 2020, by filing a petition for writ of *habeas corpus* (ECF No. 1-1). Having conducted an initial review, the Court will direct service of the Petition.

## I.     MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). Under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, an indigent petitioner may request appointed counsel to pursue habeas relief. *Id.* (a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

Petitioner used a prison form to request counsel and provides specific facts indicating that a denial of counsel would amount to a denial of due process. Petitioner represents that he has tumors in his neck that require weekly chemotherapy treatment,

2

he is in "constant pain," and receives oxycodone twice daily. (ECF No. 8 at 3.) Additionally, he reports that he has "a psychological history of hearing voices, and was diagnosed & given meds for it in 2011." (*Id.*) Based on these exceptional circumstances and the complexities of his claims, he asks the Court for appointed counsel. Given Petitioner's medical and mental health issues, lengthy sentence, and the complex procedural obstacles Petitioner's situation may present, the Court is persuaded that the interests of justice require the appointment of counsel. The CJA requires that a petitioner demonstrate financial eligibility in all circumstances where the court appoints counsel. *See* 18 U.S.C. § 3006A(a)(1).[3] Although the Court denied Petitioner's IFP application based on the amount of money in his inmate trust account and average monthly deposits, his ability to pay the $5.00 filing fee does not show that he can afford counsel to litigate this case. For the purposes of appointing counsel under the CJA, the Court finds that Petitioner's IFP application sufficiently demonstrates financial eligibility. The motion for appointment of counsel is thus granted.

## II.    MOTION FOR STAY

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state

---

[3]A petitioner must maintain financial eligibility during the entire representation:

> If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate….

18 U.S.C. § 3006A(c).

court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276-77). A "mixed" petition—one presenting both exhausted and unexhausted claims—may be dismissed without prejudice or amended to delete unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

Here, although Petitioner cites *Rhines* in his motion, he does not address the *Rhines* factors. He requests the stay "to present any unexhausted claims to the state court," and provides that "the Nevada Supreme Court declined to address issues I submitted in my pro se supplemental brief stating they were not exhausted in the lower courts." (ECF No. 1-2 at 2.) Although Petitioner provides that he has not satisfied the exhaustion requirement, he does not demonstrate good cause for his failure to exhaust the claims. Petitioner also fails to address the second and third *Rhines* factors. He must demonstrate that his unexhausted claims are potentially meritorious and he has not intentionally engaged in dilatory litigation tactics. Accordingly, the motion for stay is denied without prejudice.

It is therefore ordered that Petitioner's Motion to Stay Habeas Petition (ECF No. 1-2) is denied without prejudice.

It is further ordered that Petitioner's Motion for Appointment of Counsel (ECF

Nos. 1-3, 8) is granted.

The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the petition. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

///

///

///

///

///

5

The Clerk of Court is further directed to send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 4th Day of June 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE